IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | No. 09 CR 675 |
| | ) | |
| Santos Bahena-Navarro | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Pending before this court is defendant Santos Bahena-Navarro's "Motion for New Trial," in which Bahena-Navarro requests that the court grant him a new trial or, in the alternative, vacate his June 15, 2010 conviction and "allow[ ] him to plead guilty reserving the issue of the legality of his deportation for appeal." (Dkt. No. 52 ("Def.'s Mot.") at 1.) For the reasons set forth below, Bahena-Navarro's motion is denied.

BACKGROUND

On August 6, 2009, Bahena-Navarro was charged with one count of reentry by a previously deported alien in violation of 8 U.S.C. § 1326(a). As alleged in the charging indictment, Bahena-Navarro was deported and removed from the United States on August 27, 2004, and was later "present and found in the United States without previously having obtained the express consent of the Secretary of the Department of Homeland Security for reapplication for admission into the United States" on January 15, 2009. (Dkt. No. 1.)

At his initial appearance on August 11, 2009, Bahena-Navarro pleaded not guilty to the charge of illegal reentry. After two aborted change-of-plea hearings, and the withdrawal of three successive attorneys appointed to represent him, Bahena-Navarro's fourth attorney filed an

1

appearance on his behalf and the court set a trial date for June 14, 2010. In advance of the trial date, the government filed a motion in limine seeking to bar Bahena-Navarro from collaterally attacking the August 27, 2004 removal order. (Dkt. No. 39.) The court denied the government's motion and permitted Bahena-Navarro to "present information to the court to demonstrate the statutorily required elements of 8 U.S.C. § 1326(d)" for purposes of establishing his eligibility to assert a collateral attack on the underlying deportation order. (Dkt. No. 43.) The court scheduled a hearing to address the matter on June 14, 2010, after the completion of jury selection but before the start of Bahena-Navarro's trial. (*Id.*)

Bahena-Navarro testified at the June 14, 2010 hearing that he did not knowingly waive his right to contest the immigration charges against him, because the waiver form presented to him during his 2004 deportation proceedings was in a language he did not understand (English) and he only signed the waiver form because he was told (in Spanish) that it was a request for a hearing before a judge. The court found Bahena-Navarro not credible on this point and granted the government's renewed motion in limine to bar Bahena-Navarro from collaterally attacking the August 27, 2004 removal order, noting that Bahena-Navarro also failed to satisfy the exhaustion requirement of 8 U.S.C. § 1326(d) and failed to demonstrate any prejudice resulting from his deportation proceedings in light of his prior convictions in 2001 and 2003 for aggravated felonies. (Dkt. No. 45.)

On June 15, 2010, before proceeding with the scheduled trial, counsel for Bahena-Navarro stated in open court that his client wished to enter a conditional plea of guilty while reserving the legality of his underlying deportation as an issue for appeal. During the plea colloquy, however, Bahena-Navarro equivocated as to whether he was willing to admit his guilt

2

and waive his right to a jury trial. The court rejected Bahena-Navarro's attempt to enter a conditional guilty plea under Federal Rule of Criminal Procedure 11, the case proceeded to trial, and the jury returned a guilty verdict against Bahena-Navarro that same day.

## ANALYSIS

Pursuant to the Federal Rules of Criminal Procedure, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Bahena-Navarro argues that his conviction should be vacated because (1) "[t]he Court erred when it barred the Defendant's challenge to his deportation," and (2) Bahena-Navarro's decision to go to trial was not voluntary. (Def.'s Mot. ¶¶ 1-2.)

Bahena-Navarro first argues that the court "should have barred the use of the deportation" because it "was based upon the outrageous and fraudulent conduct of immigration officials." (*Id.* ¶ 1.) This argument depends on the court accepting Bahena-Navarro's version of the events surrounding his 2004 deportation proceedings. While Bahena-Navarro acknowledges that "the Court did expressly find . . . that the Defendant lied," he further argues that "there was no basis for such a finding." (*Id.* ¶ 3.) According to Bahena-Navarro, his testimony "was supported by the evidence" and "made sense." (*Id.*) The court disagrees on both points. Without any citation to the record, Bahena-Navarro argues that supporting "evidence" can be found from the fact that he "had been consistently challenging his deportation and demanding a hearing" since the time of his deportation in 2004. (*Id.*) The court is aware of no such evidence in the record, which shows that Bahena-Navarro did not attempt to challenge the legality of his 2004 deportation order until *after* he was charged with illegal reentry in 2009. While Bahena-Navarro's testimony might have "made sense" if he had actually challenged his deportation at

3

the time of its occurrence, the court explicitly found as part of its June 14, 2010 order that "Bahena-Navarro did not demonstrate that he exhausted his administrative remedies." (Dkt. No. 45.) Moreover, in light of Bahena-Navarro's prior convictions for aggravated felonies in 2001 and 2003, and the attendant presumption that Bahena-Navarro is subject to removal under 8 U.S.C. § 1228(c), the court rejects Bahena-Navarro's argument that "[h]is so called waiver and agreement to immediate deportation made no sense." (Def.'s Mot. ¶ 3.) Because deportation in Bahena-Navarro's case was essentially a foregone conclusion, there would have been no need for a hearing before a judge. Consenting to a waiver under these circumstances was both efficient and practical. Finally, even if the court were to accept Bahena-Navarro's version of the events surrounding his deportation, Bahena-Navarro nevertheless has failed to demonstrate that he was prejudiced by the manner in which his deportation proceedings were carried out. The Seventh Circuit has acknowledged that a defendant with a prior conviction for an aggravated felony "would have been deported no matter what," thus precluding the defendant from demonstrating "that the procedures used at his deportation hearing prejudiced him in any way." *United States v. Espinoza-Farlo*, 34 F.3d 469, 472 (7th Cir. 1994). Accordingly, the court finds no error in its prior ruling that Bahena-Navarro cannot satisfy the preliminary requirements for challenging the validity of his removal order under 8 U.S.C. § 1326(d).

Bahena-Navarro next argues that his decision to proceed to trial was not voluntary, and that he "should have been allowed to plead guilty and at least have the opportunity to gain acceptance of responsibility at time of sentencing." (Def.'s Mot. ¶ 2.) Pursuant to Rule 11, this court cannot accept a guilty plea without first informing the defendant of his or her trial rights and "determin[ing] that the defendant understands" that these rights are waived in the event of a

guilty plea. Fed. R. Crim. P. 11(b)(1). Bahena-Navarro's answers to the court's questioning on the morning of June 15, 2010, indicated that he did not understand the consequences of his guilty plea. Specifically, Bahena-Navarro hesitated to admit his guilt (thereby waiving his right not to testify against himself) and appeared to believe that he would still be able to argue his innocence before a jury or before another judge at some point in the future. Bahena-Navarro also explicitly expressed his desire to go to trial. In short, it was clear to the court that Bahena-Navarro was not prepared to plead guilty to the charge against him and waive his right to a jury trial. Bahena-Navarro's attempted guilty plea was thus appropriately rejected pursuant to Rule 11.

The court also rejects Bahena-Navarro's characterization of the court's colloquy as "push[ing] the Defendant to go to trial." (Def.'s Mot. ¶ 2.) Rule 11 is specifically designed to ferret out any misunderstandings or inappropriate considerations that may have motivated a defendant to plead guilty. In this case, the court's Rule 11 colloquy had the desired effect of bringing to light Bahena-Navarro's failure to understand the consequences of entering a conditional guilty plea. Once these consequences were made clear to him, Bahena-Navarro affirmatively opted to exercise his right to a jury trial. "There is nothing inherently coercive about requiring a defendant to make a decision—either plead guilty or go to trial." *United States v. Burnside*, 588 F.3d 511, 522-23 (7th Cir. 2009) (quoting *United States v. Cano-Varela*, 497 F.3d 1122, 1133 (10th Cir.2007)). When it first became clear on the morning of June 15, 2010, that Bahena-Navarro was reluctant to admit his guilt and waive his right to a jury trial, the court took a short recess to allow Bahena-Navarro the opportunity to further discuss his attempted plea with counsel. When the court reconvened, Bahena-Navarro was still not prepared to proceed with entering a conditional guilty plea. With no viable guilty plea on the table, the court

appropriately proceeded with the scheduled jury trial.

Bahena-Navarro's argument on this point also fails because he cannot demonstrate that he would have had "the opportunity to gain acceptance of responsibility at time of sentencing" if the court had accepted his plea. (Def.'s Mot. ¶ 2.) There is no guarantee that a defendant who pleads guilty will receive a reduction in sentence for acceptance of responsibility. For a number of reasons, this court finds it unlikely that Bahena-Navarro would have qualified for a reduction in this case. First, the Seventh Circuit has "long held that the last-minute nature of a guilty plea provides a significant basis to deny an acceptance-of-responsibility reduction." *United States v. Diaz-Guadarama*, ___ F.3d ___, 2010 WL 2943757, at *3 (7th Cir. July 29, 2010) (citations omitted). The fact that Bahena-Navarro waited until the morning of trial, after the jury had already been selected, to make his attempted guilty plea weighs against granting him an acceptance-of-responsibility reduction. Additionally, "statements or conduct inconsistent with acceptance of responsibility may prevent a defendant from receiving a reduction," if these statements or conduct indicate a lack of "genuine remorse." *Id.* Bahena-Navarro testified untruthfully at the June 14, 2010 hearing regarding the circumstances of his 2004 deportation, and he persisted in asserting his innocence during the June 15, 2010 Rule 11 colloquy. None of Bahena-Navarro's statements to the court indicated that he had any genuine remorse for the crime he committed. Even if Bahena-Navarro had eventually convinced the court that he was prepared to admit his guilt, the court would not have granted him a reduction for acceptance of responsibility under these circumstances.

## CONCLUSION

For the reasons set forth above, "Defendant's Motion for New Trial" and alternative request that his conviction be vacated so that he may enter a guilty plea are denied.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: August 31, 2010